United States District Court
Southern District of Texas
**ENTERED**
October 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTURO GARZA,<br>TDCJ # 02364078, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-3717 |
| Dr. U UGHWANOGHO, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Arturo Garza, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* and *in forma pauperis* in this civil rights action. Because this case is governed by the Prisoner Litigation Reform Act (PLRA), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for the reasons explained below.

## I. BACKGROUND

Garza states that he has been disabled by polio since his childhood and has received disability benefits from Social Security since 1972 (Dkt. 11, at 2). He sues Dr. U. Ughwanogho, a medical doctor in the rehabilitation department at the Jester 3 Unit, for her alleged refusal to provide him with a straight-leg brace for his left leg. He alleges that in

June or July of 2022, he lost a brace for his left leg and requested that Dr. Ughwanogho order a replacement. According to Garza, he showed the doctor that his left knee was "bending backwards" and could break (*id*. at 3). He states that Dr. Ughwanogho denied his request and told the medical staff to issue him a wheelchair instead (Dkt. 1, at 4; Dkt. 11, at 3-4). Garza alleges that he needed the brace for his left leg because, when using a wheelchair, he had extreme pain, lost lower-body strength, and had issues with circulation and bone strength. He states that he made subsequent requests for appointments with Dr. Ughwanogho but that she refused to see him and would not issue the brace he requested (*id*. at 4-6).

Garza filed Grievance No. 2023010814 regarding the brace. Officials denied the grievance at the first step, citing medical records from September and October 2022 reflecting the providers' medical judgment that the brace for his left leg would cause potential harm, endangerment, or future damage. Officials also indicated that, in October 2022, the Brace and Limb Clinic had issued Garza a new brace for his right leg (Dkt. 1, at 6-7). Garza appealed to Step 2 and expressed his disagreement, saying that he needed the brace to walk and it would not bring more harm. He also stated that sitting in a wheelchair was causing pain and loss of strength (*id*. at 8). Officials denied his appeal based on medical records and the providers' assessments (*id*. at 9 ("Your right leg brace is being replaced with a custom-made brace. You are prescribed an ortho crutch to assist with standing upright only. In is noted your intention of wanting to walk, however, due to your

condition, the medical providers are concerned and find it best to stay in your wheelchair"); *see* Dkt. 11, at 8-10).

Garza brings claims against Dr. Ughwanogho under the Eighth Amendment and the Americans with Disabilities Act. As relief for his claims, he requests the Court to order Dr. Ughwanogho to provide a brace for his left leg, offer physical therapy, and pay court costs (Dkt. 1, at 4; Dkt. 11, at 13).

On September 16, 2026, Garza informed the Court that he had been released from TDCJ and supplied an updated address (Dkt. 16).

## II. THE PLRA AND PRO SE PLEADINGS

Because the plaintiff is a prisoner proceeding *in forma pauperis*, the Court is required by the PLRA to screen the case and dismiss the complaint at any time if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A district court may dismiss a claim as frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). It lacks an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.* (cleaned up).

A dismissal for failure to state a claim is governed by the same standard as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v.*

*EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

Additionally, a court must dismiss an action at any time if it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up). Dismissal for lack of subject matter jurisdiction is warranted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 . Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005).

## III. DISCUSSION

Garza requests that the Court order Dr. Ughwanogho to issue him a straight-leg brace and provide physical therapy. However, since filing his complaint, Garza was released from TDCJ. The Court therefore addresses whether his claims are moot.

Mootness is a threshold issue that is essential to the constitutional case-or-controversy requirement and therefore to this court's subject-matter jurisdiction. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424-25 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990). The mootness doctrine "requires that the controversy posed by the plaintiff's complaint be 'live' not only at the time the plaintiff files the complaint but also throughout the litigation process." *Rocky*, 900 F.2d at 866. When intervening circumstances "render the court no longer capable of providing meaningful relief to the plaintiff," mootness applies. *Ctr. for Biological Diversity*, 704 F.3d at 425.

Garza seeks injunctive relief, namely, a brace and physical therapy. The Fifth Circuit has clearly held that injunctive relief is not available to remedy a past harm.

> Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements. The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries. Because injunctive and declaratory relief "cannot conceivably remedy any past wrong," plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury. That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact. To be an injury in fact, a threatened future injury must be (1) potentially suffered by the plaintiff, not someone else; (2) "concrete and particularized," not abstract; and (3) "actual or imminent, not 'conjectural' or 'hypothetical.'" The purpose of the requirement that the injury be "imminent" is "to ensure that the alleged injury is not too speculative for Article III purposes." For a threatened future injury to satisfy the imminence requirement, there must be at least a "substantial risk" that the injury will occur.

*Stringer v. Whitley*, 942 F.3d 715, 720-21 (5th Cir. 2019) (footnotes omitted). *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Pagoaga-Castro v. Pierson*, 790 F. App'x 652 (5th Cir. 2020).

Here, because Garza is no longer in TDCJ custody, the injunctive relief he seeks from Dr. Ughwanogho is unavailable. His requests for relief thus are moot. *See Stringer*, 942 F.3d at 720-21; *Herman*, 238 F.3d at 665 (even if inmate were able to establish an Eighth Amendment violation based on his alleged exposure to asbestos particles while incarcerated, his transfer to a different correctional institution "rendered his claims for declaratory and injunctive relief moot"); *Pagoaga-Castro*, 790 F. App'x at 652 (inmate's requests for injunctive and declaratory relief had been mooted on appeal by inmate's transfer from state to federal custody). This case must be dismissed for lack of subject-

matter jurisdiction. FED. R. CIV. P. 12(h)(3); *Smith*, 756 F.3d at 347. The Court does not reach the merits of Garza's claims under the Eighth Amendment or the ADA.

## IV. CONCLUSION

For the reasons stated above, the Court **ORDERS** that the complaint (Dkt. 1) filed by Garza is **DISMISSED** under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §1915(e)(2)(B) for lack of subject matter jurisdiction. All pending motions, if any, are **DENIED** as moot.

SIGNED at Houston, Texas, on October 27, 2026.

George C. Hanks Jr.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE